UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23469 SEITZ

FRANCISCO LOZADA,
    Plaintiff,
v.

JADDOU, et al,
    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO STAY THE CASE

THIS MATTER is before the Court on Defendants' Motion to Stay the Case [DE 8]. Defendant requests a ninety (90) day stay of this matter to allow U.S. Citizenship and Immigration Services ("USCIS") time to take initial adjudicative action on Plaintiff, Francisco Lozada's, Form I-829 petition, or in the alternative, allow an additional ninety (90) days for Defendant to respond to the Complaint. Defendant argues a stay is warranted given delays caused by the COVID-19 pandemic, the current digitization process of the underlying petition, and the lengthy agency review required once the petition is returned. DE 8 at 2. Plaintiff opposes the motion, stating that Defendant has not met the legal standard to warrant a stay, and that a stay will further delay this matter. DE 9. Defendant did not file a reply to the Plaintiff's response. The Court reviewed the record, the motion and the response, and is otherwise fully informed. The Court will exercise its discretion and trusts the Defendant will act in good faith to efficiently resolve this matter. Considering the interests of both parties, Defendant's Motion to Stay is GRANTED.

Plaintiff cites to *Nken v. Holder*, 556 U.S. 418 (2009) to support his position. In *Nken*, the Supreme Court listed the factors governing granting a stay when a party is awaiting a response to an appeal to a removal order. *Id.* Here, there is no pending appeal. Instead, the Court exercises its discretion when granting or denying a stay of proceedings.[1] Further, the Plaintiff cites to a table of figures in 81 Fed. Reg. 26,904 – 26,905 (May 4, 2016) (to be codified at 8 C.F.R. 103; 8 C.F.R. 204), which indicates it takes approximately 5.5 hours

---

[1] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931)).

for a USCIS employee to review a Form I-829 petition. That very same paragraph states "[the completion rate] does not reflect the total processing time customers can expect to wait for a decision on their case after USCIS accepts it." *Id.* Additionally, a search function on the USCIS website reveals that the average processing time for Form I-829 petitions is currently 61.5 months.[2] Plaintiff has waited approximately half of that time. While the Court appreciates the Plaintiff's frustration, in balancing the interests of both parties, it is

ORDERED THAT

(1) Defendant's Motion to Stay the Case [DE 8] is **GRANTED**;

(2) This matter is STAYED until **Tuesday, April 4, 2023**;

(3) Defendant must either adjudicate Plaintiff's petition or file a response to Plaintiff's Complaint [DE 1] on or before **Tuesday, April 4, 2023**;

(4) The parties must appear for a status conference on **Wednesday, April 5, 2023 at 10:30am**, at which the Defendant must be prepared to show cause if it does not comply with this Order; and

(5) The Clerk is ordered to administratively **CLOSE** this case.

DONE and ORDERED in Miami, Florida, this 15th day of February, 2023.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record

---

[2] At https://egov.uscis.gov/processing-times/, USCIS provides estimated processing times gathered from internal data.